IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES M. ELLIOTTE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-882-LPS |
| | : |
| PERRY PHELPS, et al., | : |
| | : |
| Defendants. | : |

James M. Elliotte, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Stephen M. Ferguson, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Perry Phelps, Dr. Awele Maduke-Ezeh, and Dr. Marc Richman.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendants Monica Mills, Carla Miller, Matt Wofford, and Connections Community Support Programs, Inc..

**MEMORANDUM OPINION**

October 26, 2020
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff James M. Elliotte ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) Before the Court are several motions filed by the parties including Plaintiff's motion to amend (D.I. 20), Plaintiff's request for counsel (D.I. 21), Medical Defendants' motion to dismiss (D.I. 26), State Defendants' motion to dismiss (D.I. 27), Plaintiff's motions to extend time to file responses to the motions to dismiss (D.I. 30, 31), and Plaintiff's motion for injunctive relief (D.I. 37).

## II. BACKGROUND

The original complaint raises medical needs claims. On October 25, 2019, the Court screened Plaintiff's original Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915A(a) and the matter proceeded to service (D.I. 12). Perry Phelps ("Phelps"), Dr. Awele Maduke-Ezeh ("Dr. Maduke"), Dr. Marc Richman ("Dr. Richman"), Monica Mills ("Mills"), Carla Miller ("Miller"), Matt Wofford ("Wofford"), and Connections Community Support Programs, Inc. ("Connections") were named as defendants. (D.I. 2) Defendants' waivers of service were filed on January 14, 2020 and January 27, 2020. (D.I. 15, 16)

## III. MOTION TO AMEND; MOTIONS TO DISMISS

On February 28, 2020, Plaintiff filed a motion to amend the complaint on the grounds that he had misstated that he was denied treatment for Hepatitis C. (D.I. 20) Plaintiff provided a proposed amended complaint that adds as new defendants Claire Dematteis ("Dematteis"), Carla

1

Cooper ("Cooper")[1], Mazur ("Mazur"), Heresniak ("Heresniak"), and Straker ("Straker"); keeps as defendants Mills, Wofford, Dr. Maduke, and Connections; and removes as defendants Perry, Dr. Richman, and Miller. (D.I. 20-1)

Plaintiff's motion to amend will be granted and the Clerk of Court will be directed to docket the proposed amended complaint with its exhibit as the Amended Complaint. (D.I. 20-1) The Court will deny as moot Defendants' motions to dismiss the original complaint. (D.I. 26, 27) In addition, the Court will deny as moot Plaintiff's letter/motions for extensions of time to respond to the motions to dismiss. (D.I. 30, 31)

The Court proceeds to screen the Amended Complaint which is now the operative pleading.

## IV.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

---

[1] It is not clear if Carla Miller and Carla Cooper are the same person.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See e.g., Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.*

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## V. DISCUSSION

### A. The Amended Complaint

As described in the Amended Complaint, Plaintiff suffers from a number of medical problems. (D.I. 20-A at 1) The Amended Complaint provides dates that Plaintiff was seen by medical providers for examination and/or treatment over the past ten years and specifically by Dr. Mazur on March 15, 2018; at sick call on June 16, 2018; by Straker on July 11, 2018; for an ultrasound on August 1, 2018; at sick call on August 15, 2018; by medical provider Charles Reinette ("Reinette") on August 23, 2018, in September 2018 and on November 12, 2018; by Mills on March 5, 2018; by Mills and Dr. Mazur on March 14, 2018; at sick call on June 3, 2019; by nurse practitioner Williams ("Williams") on June 12 and 28, 2019 and July 5, 2019; for an ultrasound on

4

July 31, 2019; by Dr. Willis on August 5 and 13, 2019; at two electronic sick calls on September 4, and 19, 2019; at sick call on October 1, 2019; by Williams on October 3, 2019; by nurse practitioner Barbra ("Barbra) on October 10, 2019; by Dr. Heresniak on October 22, 2019; by provider Cassandra Wilson ("Wilson") on November 2, 2019; by Straker on November 9, 2019; blood tests were ordered on November 2 and 14, 2019; by Williams on November 15, 2018; by Janice Kpaka ("Kpaka") on November 19, 2019; by Dr. Mazur on December 9, 2019; at sick call on December 14 and 30, 2019; and by Barbra on January 17, 2020, who indicated that she would resubmit a recommendation that Plaintiff be seen by a specialist for his ongoing abdominal issues. The Amended Complaint further alleges that Plaintiff submitted numerous grievances between 2018 and 2109 and also wrote letters to prison administrators regarding his medical care and treatment. Plaintiff seeks declaratory and injunctive relief as well as punitive damages.

        B.     **Medical Needs**

Plaintiff alleges that Defendants are not providing him with adequate medical care. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as Constitutional deprivation).

In addition, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d at 236. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

As pled, the Amended Complaint fails to state an actionable constitutional claim. Rather than indicate that Plaintiff has not received medical care, the allegations indicate that he receives continual medical care and treatment, albeit not the type he wants. At most, the Amended Complaint could be construed as alleging negligence. Negligence, however, does not rise to the level of a Constitutional violation. Therefore, the Amended Complaint will be dismissed as frivolous and

6

for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Since it appears plausible that Plaintiff may be able to articulate a § 1983 claim against Defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## VI.   MISCELLANEOUS MOTIONS

### A.   Request for Counsel

Plaintiff's second request for counsel (D.I. 21) will be denied without prejudice to renew. Plaintiff requests counsel on the grounds that his claim has merit; his incarceration, education, literacy, and experience limit his ability to present his case; the legal issues are complex; he has no ability to pursue an investigation; he does not have the ability to retain counsel on his own behalf; and expert testimony will be required.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

The request will be denied without prejudice to renew. There is currently no operative pleading and, to date, Plaintiff has ably represented himself.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

7

### B. Motion for Injunctive Relief

On August 13, 2020, Plaintiff filed a motion for injunctive relief for Defendants to immediately provide him approved Hepatitis C antiviral medications and specialized medical care. (D.I. 37) Plaintiff speculates that he is suffering from cancer. Defendants oppose the motion on the grounds that Plaintiff received and continues to receive ongoing medical care. In addition, Connections notes that it is no longer the contract medical provides for the Delaware Department of Correction and, therefore, cannot provide the medical care Plaintiff requests.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (temporary restraining order that continues beyond time permissible under Rule 65 must be treated as preliminary injunction, and must conform to standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008).

Plaintiff has not met his burden for injunctive relief. As discussed above, Plaintiff's filings provide a timeline of his medical care and treatment. Those filings show that Plaintiff has not demonstrated a likelihood of success on the merits or irreparable harm. Nor has Plaintiff proven

8

that immediate injunctive relief is justified. Accordingly, the Court will deny Plaintiff's motion for injunctive relief.

## VII. CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motion to amend (D.I. 20); (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 21); (3) deny as moot Defendants' motions to dismiss (D.I. 26, 27); (4) deny as moot Plaintiff's letter/motions for extensions of time to respond to the motions to dismiss (D.I. 30, 31); (5) deny Plaintiff's motion for injunctive relief (D.I. 37); and (6) give Plaintiff leave to file a second amended complaint.

An appropriate Order will be entered.

9